## THRASHER v. BENTLEY, appellant.

*Vendor and purchaser — rescission of sale — purchase-money — use and occupation — Laws 1860, chap. 348 — Bankrupt law.*

Plaintiff agreed, by parol, to purchase a house from defendant, took possession of the same, and paid part of the purchase-money. Afterward the sale was rescinded by mutual agreement, and defendant took posession of the premises. *Held*, that plaintiff was entitled to recover the purchase-money paid, and defendant to recover for the use and occupation of the premises by plaintiff.

The statute of 1860, (chap. 348), in relation to assignments for the benefit of creditors, is not an insolvent law, and is not interfered with by the bankrupt law.

The collection of assigned choses in action, by the assignee, is not a conversion of them within the meaning of § 3 of the act of 1860.

APPEAL from a judgment against defendant, entered upon the report of a referee.

In July, 1871, Charles M. Syme made a parol agreement with the defendant, Elvira Bentley, to purchase from her a house and lot in Rochester, for $2,800, and entered into the actual possession of the premises. By the agreement, plaintiff was to pay $500 down upon the delivery of a deed, in which his wife was to be named as grantee. At the time of making the agreement of sale, the deed, and other necessary papers, were executed, but were not delivered, the delivery being delayed until Syme should pay the $500. Between June and November, 1871, Syme sold and delivered groceries, at various times, to defendant, which were charged to her account, upon an agreement between the parties, that the price should be applied toward the $500, due from Syme. The aggregate amount, in value, of such groceries, was $235.26.

In the fall of 1871, Syme's wife became insane, and was taken to a lunatic asylum. Subsequently, Syme told defendant that they could not keep or pay for the house and lot, and that she would have to take it back, and about the 1st of December, 1871, defendant took possession of such house, and afterward controlled and rented it.

In November, 1871, Syme made an assignment of his property for the benefit of his creditors to the plaintiff, Fletcher M. Thrasher, who brought this action to recover the value of the groceries sold

to defendant. Defendant, in her answer, set up several counter-claims, among which were an account for goods sold and moneys lent, a claim for goods sold by one Peck to Syme, and assigned to defendant, and a claim of $75 for use and occupation of the premises.

The referee allowed plaintiff's claim, and $19.50 upon defendant's counter-claim for goods sold Syme, and $76 for the use and occupation of the premises in question, and ordered judgment in favor of plaintiff, for $151.96, principal and interest.

*J. M. Dunning,* for appellant.

*Goddard & Cheney,* for respondent.

MULLIN, P. J. The only question of any importance in this case is whether there was a rescission of the contract for the purchase and sale of the house and lot so as to entitle the purchaser to recover back so much of the purchase-money as he had paid. In considering the question, Syme must be treated as the purchaser, notwithstanding the title was to be conveyed to his wife. Neither party had by the contract the right to rescind, and if there was a rescission, it was by mutual agreement of the parties. It was proved on the trial, and the referee finds that Syme told the defendant his wife was in the lunatic asylum, and the purchase-money of the land would not be paid, and he must give it up and defendant must take it back. Syme thereupon surrendered possession, and defendant entered upon and leased the premises to another person, and has ever since retained control of the same.

When a contract for the sale of real estate is rescinded by mutual consent, the purchaser is entitled to recover whatever he has paid toward the purchase-money. 2 Hilliard on Vendors, 65. But such a recovery is not allowed in any other case, except when the vendor has been guilty of fraud in the sale, or is unable or refuses to perform the contract. 2 Hilliard on Vendors, 65 ; 1 id. 302.

The contract being mutually rescinded, the vendor was entitled to recover for the use and occupation of the premises by the purchaser. 1 Hilliard on Vendors, 302. Setting up a claim for use and occupation, and a recovery therefor, is conclusive evidence of her consent to rescission of the contract.

The declarations of Syme, while he was in possession of the

premises, were offered in evidence and rejected. The object of the defendant was to prove that he, Syme, claimed to control the premises, and to treat them as his own. If the fact was one of any importance in the case, it was substantially assumed by the referee. They were totally immaterial, and their rejection worked no prejudice to the defendant.

The law of 1860, chap. 348, regulating the manner of executing assignments by debtors for the benefit of creditors is not an insolvent law, and is not interfered with by the bankrupt law. It is quite possible that the assignments contemplated by that law may not be permitted by the bankrupt law, as to which I express no opinion. If they are not, the law is suspended in its operation, and will only be revived when the bankrupt law is repealed. The assignment to the plaintiff by Syme is not rendered void, because the assignee did not file a bond in exact conformity with the provisions of the law. The assignee has thirty days from the date of the assignment in which to file the bond. During the thirty days the title must be in the assignee, so that the legislature contemplated that the title should pass. But until a proper bond was filed the assignee had no authority to sell, dispose of, or convert for the purposes of the trust, any of the assigned property. Laws of 1860, chap. 348, § 3.

Collecting the assigned choses in action was not a conversion of them, within the meaning of this section. The other questions presented by the appellant's points do not require any consideration.

The judgment must be affirmed.

*Judgment affirmed.*